

FILED

MAY 15 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| DAKOTA COMMUNICATIONS SOLUTIONS, INC., a South Dakota corporation, | * * * * | CIV 03-4129 |
| Plaintiff, | * * | |
| -vs- | * * * | MEMORANDUM OPINION AND ORDER |
| ENERGY AMERICA, L.L.C., a wholly owned subsidiary of Centrica plc, | * * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion to File Second Amended Complaint, Doc. 76. Defendant objects to the motion. For the reasons set forth below, the motion will be granted.

Although Plaintiff does not have an automatic right to amend its complaint, Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment ....'" *Id.* (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). Delay in moving to amend the complaint is insufficient by itself to deny leave to amend. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Dennis*, 207 F.3d at 525.

The Eighth Circuit explained that "[c]ases in which an abuse of discretion has been found [for denying a motion to amend] generally involve amendments based on facts similar to the original

complaint." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "On the other hand, when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion [for denying a motion to amend] due to the prejudice involved." *Id.*

Plaintiff seeks to amend its complaint to add a new theory of recovery, but it is based upon the same or similar facts as its trade secrets claim. There is nothing in the record to show that the Defendant will be unfairly prejudiced by the addition of Plaintiff's breach of contract claim. The Court does not find any good reason to deny Plaintiff's motion to amend and it will be granted. Accordingly,

    IT IS ORDERED that Plaintiff's Motion to File Second Amended Complaint, Doc. 76, is granted and the Clerk shall file Plaintiff's Second Amended Complaint.

Dated this 15th day of May, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Knuth*
(SEAL)    DEPUTY

2